In the Matter of M.R., M.R., F.R., and K.R. Children In Need of Services.

F.T. (Father), Appellant–Respondent,

v.

The Indiana Department of Child Services, Appellee–Petitioner,

and

Child Advocates, Inc., Co–Appellee–Guardian Ad Litem.

No. 49A05–1002–JC–140.

Court of Appeals of Indiana.

Oct. 14, 2010.

Amy Karozos, Greenwood, IN, Attorney for Appellant.

Donna Lewis, Robert J. Henke, Indianapolis, IN, Attorneys for Appellee, Department of Child Services.

## OPINION

CRONE, Judge.

### Case Summary

Four young children were determined to be children in need of services and removed from their mother's care. The juvenile court entered a parental participation decree against an incarcerated man who the mother claims is the father of one of those children. The decree requires the

alleged father to participate in that child's care, treatment, placement and/or rehabilitation and also to reimburse the county for the expenses of the child's out-of-home placement. The alleged father appeals, asserting that the juvenile court erred when it entered a parental participation decree against him when his paternity of that child has not been established. He also argues that certain procedural prerequisites for a parental participation decree were not met. Concluding that paternity must first be established and that certain procedural deficiencies deprived the juvenile court of authority to enter the parental participation decree, we vacate the juvenile court's parental participation decree with regard to the alleged father and remand for further proceedings.

### Facts and Procedural History

On September 4, 2009, the Marion County Department of Child Services ("DCS") filed a petition alleging that M.R., M.R., F.R., and K.R. were children in need of services ("CHINS"). The petition provided that "[t]he alleged father of [F.R.] is [F.T.]." F.R. was four years old at the time the petition was filed. The petition further provided that F.T. was incarcerated. The juvenile court held a fact-finding hearing on the CHINS petition on January 5, 2010. Due to his incarceration, F.T. did not appear at the hearing. However, counsel appeared on F.T.'s behalf and orally moved for a continuance, which was denied by the juvenile court. The juvenile court proceeded to conduct a dispositional hearing with regard to the mother of all four children. The mother admitted amended CHINS allegations, and the juve-

nile court entered findings of fact and conclusions thereon adjudicating all four to be CHINS with respect to the mother. The juvenile court also adjudicated all four children to be CHINS with respect to their alleged fathers and set the matter for a dispositional hearing on February 2, 2010. Following that hearing, the juvenile court entered a "Participation Decree" with respect to F.T. which provided, among other things, that he reimburse the DCS for "the out of home placement/and or services to the children [1] in the amount of $25.00 per week beginning the first Friday once released from incarceration." Appellant's App. at 139.

### Discussion and Decision

■ F.T. contends that the juvenile court erred when, following the CHINS adjudication, it entered a parental participation decree against him with regard to F.R. Specifically, F.T. points out that his paternity of F.R. has never been established and that certain procedural prerequisites for a parental participation decree were not followed and, therefore, the juvenile court was without authority to enter the participation decree against him. We agree with F.T.

Our supreme court recently emphasized that a CHINS adjudication focuses on the condition of the child and the status of a child alone. *In re N.E.*, 919 N.E.2d 102, 105 (Ind.2010). While there is a certain implication of parental fault in many CHINS adjudications, a CHINS adjudication is simply a determination that the child is in need of services. *Id.*[2] Once

---

1. The parental participation decree entered against F.T. references the cause numbers corresponding to all four children, although F.T. is not alleged to be the father of three of the children. Appellant's App. at 138. This is clearly an error.

2. Although the juvenile court in this case made a CHINS finding as to the mother and a separate CHINS finding as to each of the alleged fathers, because a CHINS determination focuses only upon the status of the child, a separate analysis with regard to each parent

CHINS status has been determined, the juvenile court holds a dispositional hearing to consider alternatives for the child's care, treatment, placement, or rehabilitation; the necessity, nature, and extent of the participation by a parent, guardian, or custodian; and the financial responsibility for the services provided. *Id.* at 106 (citing Ind.Code § 31–34–19–1). Indeed, if the juvenile court determines that a parent, guardian, or custodian should participate in a program of care, treatment, or rehabilitation for the child, the court may order the parent, guardian, or custodian to do so. *See* Ind.Code § 31–34–20–3. Through a parental participation decree issued as part of a CHINS disposition, the court may order a parent, guardian, or custodian to: (1) obtain assistance in fulfilling the obligations as a parent, guardian, or custodian, (2) provide specified care, treatment, or supervision for the child, (3) work with a person providing care, treatment, or rehabilitation for the child, and (4) participate in a program operated by or through the Department of Correction. *Id.* Quite plainly, a parental participation decree establishes certain parental duties and directs parental action, choice, and control in the rearing of the child. *See A.E.B. v. State*, 756 N.E.2d 536, 542 (Ind.Ct.App. 2001) (interpreting identical statutory provisions regarding parental participation following juvenile delinquency adjudication).

■ Here, the juvenile court held a dispositional hearing, following which it entered a parental participation decree against F.T. We find it curious that the juvenile court would enter a parental participation decree against an individual who has not yet been determined to meet the definition of a parent as provided by our juvenile law. " 'Parent', for the purposes of the juvenile law, means a biological or adoptive parent. Unless otherwise specified, the term includes both parents regardless of their marital status." Ind. Code § 31–9–2–88. DCS concedes that F.T.'s paternity of F.R. has never been established. The exclusive means to establish a man's paternity is through an action filed pursuant to the paternity statute or by executing a paternity affidavit. *See* Ind.Code § 31–14–2–1. Although we understand why, as an alleged father, F.T. was summoned as a necessary party to the CHINS proceeding, F.T.'s mere status as a party did not confer authority to the juvenile court to order his parental participation prior to a determination that he is, in fact, a parent.[3] DCS fails to direct us to any authority that permits a juvenile court, prior to an establishment of paternity, to enter a parental participation decree against one who is only an alleged parent. The juvenile court in this case put the cart before the horse.

■ Moreover, this Court has held that before parental participation can be ordered as part of a CHINS disposition, certain procedural requirements must be met. *Mikel v. Elkhart County Dept. of Pub. Welfare*, 622 N.E.2d 225, 229 (Ind.Ct. App.1993). Indiana Code Section 31–34–16–1 provides that a "petition for the juvenile court to require the participation of a parent, guardian, or custodian in a program of care, treatment, or rehabilitation of a child" may be signed and filed by the attorney for the DCS or the guardian ad

---

is unnecessary. *See In re Ne*, 919 N.E.2d at 106.

**3.** Indiana Code Section 31–34–10–2(b) provides that an initial hearing on each CHINS petition shall be held and a summons "shall be issued for the following: (1) The child. (2) The child's parent, guardian, custodian, guardian ad litem, or court appointed special advocate. (3) *Any other person necessary for the proceedings.*" (Emphasis added.)

litem or court appointed special advocate. This petition must be verified. Ind.Code § 31–34–16–2. The form and substance of the petition must be as follows:

A petition seeking participation of a parent, guardian, or custodian must be entitled "In the Matter of the Participation of \_\_\_\_ the Parent, Guardian, or Custodian of \_\_\_\_". The petition must allege the following:

(1) That the respondent is the child's parent, guardian, or custodian.

(2) That the child has been adjudicated a child in need of services.

(3) That the parent, guardian, or custodian should:

(A) obtain assistance in fulfilling obligations as a parent, guardian, or custodian;

(B) provide specified care, treatment, or supervision for the child;

(C) work with a person providing care, treatment, or rehabilitation for the child; or

(D) refrain from direct or indirect contact with the child.

Ind.Code § 31–34–16–3. Indiana Code Section 31–34–16–4 provides that after the verified petition for parental participation is filed:

(a) The court may hold a hearing on a petition concurrently with a dispositional hearing or with a hearing to modify a dispositional decree.

(b) If the order concerns participation of a parent, the juvenile court shall advise the parent that failure to participate as required by an order issued under IC 31–34–20–3 (or IC 31–6–4–15.8 before its repeal) can lead to the termination of the parent child relationship under IC 31–35.

(c) If the court finds that the allegations under section 3 of this chapter are true, the court shall enter a decree.

In *Mikel,* we held that the procedural requirements of the statute regarding parental participation must be followed before a juvenile court "may mandate parental involvement subject to contempt of court." *Mikel,* 622 N.E.2d at 228. We determined that these procedures are mandatory and must be complied with prior to a juvenile court affirmatively ordering the participation of a parent in a dispositional decree. *Id.* at 229. Accordingly, absent the filing of a proper verified parental participation petition, a juvenile court does not have authority to order parental action. *Id.* Although the statutory provision at issue in *Mikel,* Indiana Code Section 31–6–4–17, has since been recodified at Indiana Code Section 31–34–16–3, our interpretation of the procedures to be followed before a juvenile court can issue a parental participation decree as part of a CHINS disposition remains the same. *See A.E.B.,* 756 N.E.2d at 542–43 (following *Mikel* and holding that nearly identical procedural rules contained in recodified statute regarding parental participation in juvenile delinquency disposition must be complied with before juvenile court can issue parental participation decree as part of delinquency adjudication). Because the proper procedures were not followed here, the juvenile court did not have authority to order F.T.'s parental participation as part of its CHINS disposition.

Without first establishing paternity to determine that F.T. is indeed a "parent" pursuant to the juvenile code, and absent the filing of a proper verified parental participation petition, the juvenile court here was without authority to issue a parental participation decree against F.T. as part of its CHINS disposition. We vacate that portion of the juvenile court's order pertaining to F.T.'s parental participation

and remand for further proceedings consistent with this opinion.

Vacated in part and remanded.

FRIEDLANDER, J., and BARNES, J., concur.